[Cite as *Davis v. Boone*, 2011-Ohio-6442.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 96812

---

## MONEEKE DAVIS

PLAINTIFF

vs.

## DAVID BOONE

DEFENDANT

---

## JUDGMENT:
## DISMISSED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. D-263962

**BEFORE:** Keough, J., Jones, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** December 15, 2011

**ATTORNEYS FOR APPELLANT**

**For Cuyahoga Support Enforcement Agency**

William D. Mason
Cuyahoga County Prosecutor
Stephanie L. Lingle
Latina Bailey
Assistant Prosecuting Attorneys
P.O. Box 93923
Cleveland, OH 44101-5923

**ATTORNEYS FOR APPELLEES**

**For Moneeke Davis**

Moneeke Davis, pro se
2137 West 81st Street
Cleveland, OH 44102

**For David Boone**

Robert L. Tobik
Cuyahoga County Public Defender
John T. Martin
Assistant Public Defender
310 Lakeside Avenue
Suite 400
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

{¶ 1} The Cuyahoga Support Enforcement Agency ("CSEA") appeals from the trial court's judgment adopting the magistrate's decision that granted the motion of defendant David Boone for genetic testing. For the reasons that follow, we dismiss for

lack of a final, appealable order.

I

{¶ 2}   Moneeke Boone, n.k.a. Moneeke Davis, and David Boone were married on January 12, 1994.   Davis subsequently filed for divorce.   Despite service of the complaint, Boone did not answer or otherwise plead, and on February 18, 1999, the Domestic Relations Division of the common pleas court issued a decree granting the divorce by default.

{¶ 3}   The divorce decree stated that "two children was/were born as issue of the marriage" and listed those children as a daughter, Davita Davis, and a son, David Boone, Jr.   The divorce decree listed Davita's date of birth as  October 23, 1992, and David Boone, Jr.'s date of birth as December 3, 1993; thus, both children were born before the parties were married.   The court ordered Boone to pay monthly child support of $262.26 and necessary medical and dental expenses.

{¶ 4}   Boone made no payments, and on April 6, 2005, CSEA filed a motion to intervene and to show cause as to why Boone should not be held in contempt for failure to comply with the court's order.   The record reflects that a hearing on CSEA's motions was continued three times so Boone could obtain genetic testing.    A        hearing commenced before the magistrate on November 1, 2005.   Counsel for CSEA was present, but despite service and notification, neither Davis nor Boone appeared for the hearing.   The magistrate's decision, filed on November 8, 2005, found that as of October 31, 2005, Boone was $20,023.70 in arrears.   The magistrate found Boone in contempt

and sentenced him to 30 days in jail or, in the alternative, 200 hours of community service. The trial court subsequently issued a judgment adopting the magistrate's decision.

{¶ 5} Boone made no payments after the 2005 proceedings, and on May 11, 2010, CSEA filed a second motion to show cause. The court appointed counsel for Boone. The record reflects that the magistrate continued the hearing on CSEA's motion several times so Boone could get genetic testing and file a motion for relief from judgment.

{¶ 6} Boone then filed a request for production of documents from Davis, seeking

{¶ 7} all documents related to genetic testing to establish the paternity of the children "alleged to be the issue of the marriage" between Davis and Boone. Boone subsequently filed a motion to compel production of these documents. He also filed a motion pursuant to R.C. 3119.961 for relief from the support order contained in the divorce decree and for an order compelling the parties to submit to genetic testing.[1]

{¶ 8} CSEA, in turn, filed a motion for an "order in limine" precluding Boone from raising his claim of non-paternity and a motion for execution of the sentence for Boone's contempt that the court had previously imposed.

{¶ 9} After a hearing on January 4, 2011, the magistrate issued a decision granting Boone's motion for genetic testing and dismissing his motion to compel as moot.

---

[1]R.C. 3119.961 provides for the filing of a motion for relief from a paternity determination or child support order, notwithstanding provisions to the contrary in Civ.R. 60(B). R.C. 3119.962 requires the trial court to grant relief when genetic tests support a finding excluding the male as the father. There is no statute of limitation by which a person must move for relief from a final paternity determination. If the court grants the relief, R.C. 3119.964 vests the court with discretion to cancel any child support arrears. *In re L.S. A Minor Child*, Cuyahoga App. No. 91598, 2009-Ohio-617, ¶12.

The magistrate's decision stated that "hearing upon all other pending motions is hereby stayed pending the results of the genetic testing." On April 21, 2011, the trial court issued a judgment overruling CSEA's objections to the magistrate's decision and adopting the decision.

{¶ 10} CSEA appeals from the trial court's judgment. It raises four assignments of error, all of which in some fashion challenge the trial court's judgment ordering genetic testing.

II

{¶ 11} This court's jurisdiction is limited to reviewing only final orders. "Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *." Section 3(B)(2), Article IV, Ohio Constitution. In the absence of a final, appealable order, the appellate court does not possess jurisdiction to review the matter and must dismiss the case sua sponte. *St. Rocco's Parish Fed. Credit Union v. Am. Online*, 151 Ohio App.3d 428, 2003-Ohio-420, 784 N.E.2d 200, ¶9; *Young v. Cincinnati Ins. Co.*, Cuyahoga App. No. 82395, 2003-Ohio-4196.

{¶ 12} Because the trial court expressly deferred for a later date its determination regarding CSEA's motion to show cause and Boone's motion for relief from the support order, prior to considering the merits of the appeal, this court must determine whether the trial court's judgment ordering genetic testing is a final, appealable order.

{¶ 13} R.C. 2505.02 defines the types of final orders that may be reviewed by an

appellate court. In its notice of appeal, CSEA acknowledged that the trial court had not disposed of all issues between the parties, but asserted that the trial court's judgment was a final, appealable order because it met the requirements of R.C. 2505.02(B)(4), which provides that an order is final and appealable when it is "[a]n order that grants or denies a provisional remedy and to which both of the following apply:

{¶ 14} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶ 15} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶ 16} "Provisional remedy" means a proceeding ancillary to an action, i.e., one that is attendant upon or aids another proceeding. *Manley v. Marsico*, 116 Ohio St.3d 85, 2007-Ohio-5543, 876 N.E.2d 910, ¶10.

{¶ 17} Here, the trial court's order granting genetic testing was a provisional remedy because it was ancillary to Boone's R.C. 3119.961 action for relief from the paternity determination and child support order in the divorce decree. Nevertheless, the order does not qualify as a final order under R.C. 2505.02(4) because it is apparent that all parties to the matter will have a meaningful and effective remedy as to all issues in the case by an appeal following final judgment. See *State ex rel. Wilkerson v. Truss* (1999), 133 Ohio App.3d 633, 636, 729 N.E.2d 459 (even if orders granting genetic testing

involve a provisional remedy, they do not qualify as final orders because appealing party would be afforded meaningful and effective remedy by appeal after final judgment). See, also, 4 Ohio Jur.3d (2011) 49, Appellate Review, Section 49 ("It is well established that orders requiring a party to submit to genetic testing in a paternity action do not constitute final appealable orders, and even if they did, such orders do not qualify under the statute as final orders because the appealing party would be afforded a meaningful and effective remedy by appeal following final judgment in the action"). Accordingly, the trial court's judgment is not a final, appealable order under R.C. 2505.02(B)(4).

{¶ 18} Nor do we find it to be a final, appealable order under any other section of R.C. 2505.02. An order for genetic testing does not determine the action (R.C. 2505.02(B)(1)), affect a substantial right (R.C. 2505.02(B)(2)), or vacate or set aside a judgment to qualify as a final, appealable order (R.C. 2505.02(B)(3)). *State ex rel. Wilkerson*, supra at 636.

{¶ 19} A judgment that leaves issues unresolved is not a final, appealable order. *Bell v. Horton* (2001), 142 Ohio App.3d 694, 696, 756 N.E.2d 1241, citing *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 541 N.E.2d 64, syllabus. Because the trial court's judgment granting genetic testing failed to address all of the issues raised by CSEA's motion to show cause and Boone's motion for relief from judgment, it is not a final, appealable order. Accordingly, we lack jurisdiction and must dismiss the appeal.

Dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, JUDGE

LARRY A. JONES, P.J., and
SEAN C. GALLAGHER, J., CONCUR